IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIA YOON, an individual,<br><br>　　Plaintiff,<br><br>v.<br><br>CITY OF NORMAN,<br><br>　　Defendant. | Case No. CIV-25-804-D<br>(Case Remanded to Cleveland County District Court, CJ-25-1114) |

## ORDER

Plaintiff filed this action against Defendant alleging claims of employment discrimination in state court [Doc. Nos. 1-3]. As previously noted, "federal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colo. Dep't of Corrs.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Pursuant to this obligation, and Defendant questioning this Court's jurisdiction,[1] the Court directed the parties to show cause within 14 days why this action should not be remanded to state court for lack of subject matter jurisdiction [Doc. No. 10].

"Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'"

---

[1] Defendant filed its Second Motion to Dismiss and Brief in Support on August 15, 2025 [Doc. No. 7]. Plaintiff filed a response [Doc. No. 8] to which Defendant replied [Doc. No. 9]. In its reply, Defendant questioned whether this Court still has subject matter jurisdiction over this case because Plaintiff appeared to drop her claims based on federal law [Doc. No. 9, at 4].

1

*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991)).

Plaintiff initially asserted five causes of action against Defendant, including both state and federal claims [Doc. No. 1-3]. Defendant timely removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 [Doc. No. 1]. Plaintiff filed her Amended Complaint on August 15, 2025, but only asserted three causes of action all based on state law [Doc. No. 6].

In response to the Court's Show Cause Order, Defendant asserts that Plaintiff abandoned her causes of action based on federal law leaving only claims based on state law [Doc. No. 11]. Because of this, Defendant argues that this Court no longer has subject matter jurisdiction over the case and should remand it to the state court. *Id.* Plaintiff did not respond to the Court's Show Cause Order.

The Court agrees that Plaintiff's Amended Complaint no longer alleges claims that arise under the Constitution, laws, or treaties of the United States, as required for federal question jurisdiction. Because the Court finds that no factual basis for subject matter jurisdiction is apparent from Plaintiff's Amended Complaint [Doc. No. 6], the Court will remand this action to the state court for further proceedings.

**IT IS THEREFORE ORDERED** that the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County.

**IT IS SO ORDERED** this 13th day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge